IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59499-4-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ROBERT NELSON, | |
| Appellant. | |

CHE, J. — Robert Nelson appeals his sentence.

After a jury convicted Nelson of first degree burglary and first degree attempted rape, the trial court concluded that the offenses did not constitute the same criminal conduct. On direct appeal, this court reversed, holding that the offenses constituted the same criminal conduct, and remanded to the trial court to consider whether to apply the burglary antimerger statute. On remand, the trial court applied the burglary antimerger statute.

Nelson now argues the trial court abused its discretion by applying the burglary antimerger statute and engaged in improper judicial fact-finding. Additionally, Nelson submits several arguments in a statement of additional grounds (SAG).

We hold the trial court did not abuse its discretion by applying the burglary antimerger statute and did not engage in improper judicial fact-finding. We also hold Nelson's SAG claims fail.

Accordingly, we affirm.

FACTS

In 2021, Nelson fought with his girlfriend, and as a result, asked his friend EM if he could spend the night at EM's home.[1] *Nelson* I at 2. After drinking and talking together, EM offered Nelson a place to sleep. *Nelson* I at 2. Later that night, while EM was walking to the bathroom, Nelson punched EM in the face. *Nelson* I at 2. The two men fought for approximately 10 minutes while Nelson attempted to rape EM. *Nelson* I at 3. The State charged Nelson with first degree attempted rape and first degree burglary.

A jury convicted Nelson of both counts. *Nelson* I at 5. At sentencing, the trial court determined that Nelson's convictions did not constitute the same criminal conduct and sentenced Nelson accordingly. *Nelson* I at 5-6.

Nelson appealed and argued, among other things, that the trial court erred by determining that the offenses did not constitute the same criminal conduct. *Nelson* I at 15. This court reversed, holding that the offenses constituted the same criminal conduct. *Nelson* I at 17. We held that Nelson's "objective intent did not change" from one crime to the next. *Nelson* I at 16. "His intent remained the same throughout—to commit first degree rape." *Nelson* I at 16.

However, we also held, "Even if two offenses constitute the same criminal conduct, under the burglary antimerger statute, . . . they still may be punished separately," and that

---

[1] The record on this appeal is largely limited to the events of the resentencing hearing on remand, and as a result, we generally adopt the facts of the underlying offense and Nelson's initial sentencing hearing from this court's unpublished opinion in *State v. Nelson*, No. 56961-2-II (Wash. Ct. App. May 2, 2022) (unpublished) https://www.courts.wa.gov/opinions/pdf/D2 56961-2-II Unpublished Opinion.pdf (*Nelson* I).

No. 59499-4-II

application of the burglary antimerger statute is a matter left to the discretion of the trial court.

*Nelson* I at 17. Our opinion stated,

> Accordingly, we reverse the trial court's same criminal conduct determination and remand for the trial court to consider in its discretion whether to apply the burglary antimerger statute. If the trial [court] chooses to apply the burglary antimerger statute, then Nelson's offender scores and sentences will remain the same. If the trial court chooses not to apply the burglary antimerger statute, then Nelson is entitled to a resentencing under the corrected offender score.

*Nelson* I at 17.

On remand, the State requested that the trial court apply the burglary antimerger statute and reimpose Nelson's original sentence. Nelson argued that because the convictions were the same criminal conduct, the trial court should not apply the burglary antimerger statute.

The trial court stated,

> The Court of Appeals disagreed with me, said that they were, in fact, the same intent given the forcible compulsion.
> But then remanded it and said, But, hey, we disagree that they're same or similar but, hey, we're going to send it back to you because you can impose the antimerger statute if you choose to do that.
> So basically whether it's same or similar conduct doesn't matter when it comes to burglary charges. The Court does have discretion, though, because it does say may. But I went through and I looked at the antimerger cases and almost all of them involve rape, murder, or kidnapping. And so in this situation I feel that, you know, it's something that is definitely applicable to this case.
> Just given the seriousness of the offense here and the—the facts . . . .

1 Rep. of Proc. (Apr. 16, 2024) (RP) at 7-8.

Later, the trial court ruled,

> All right. Well, I—I do agree—I do agree with all the cases that I read in that both of these charges, both of these convictions, are very serious offenses and, in my opinion and my discretion, I feel that they should be prosecuted and sentenced separately.
> So I am going to apply the antimerger statute, which would have them sentenced separately.

3

RP at 9.  The trial court imposed the same number of months as it had at Nelson's first sentencing.

Nelson appeals.

ANALYSIS

I.  THE BURGLARY ANTIMERGER STATUTE

First, Nelson argues the trial court abused its discretion by applying the burglary antimerger statute.  Specifically, he argues both that the trial court did not engage in the proper analysis and that even if it had, it erred by applying the statute.  We disagree.

The burglary antimerger statute directs, "Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately."  RCW 9A.52.050.  This statute grants sentencing courts the discretion to punish a burglary separately from another crime, even if the burglary and the other crime constituted the same criminal conduct.  *State v. Knight*, 176 Wn. App. 936, 962, 309 P.3d 776 (2013).  *See also State v. Westwood,* 2 Wn.3d 157, 162, 534 P.3d 1162 (2023). [2]

Nelson appears to argue that this court's opinion in *Nelson* I required the trial court to engage in a two-part analysis.  According to Nelson, the trial court should have first considered that the two crimes stemmed from the same criminal conduct, and then, "considered whether the facts of this case warranted different punishments for each of the offenses."  Br. of Appellant at 15.  Nelson argues the trial court failed to conduct the proper analysis because it had been two years since the facts of the case were before the trial court, the trial court did not discuss the

---

[2] Generally, sentencing courts presume multiple current offenses count separately unless they are found to encompass the same criminal conduct.  *Westwood*, 2 Wn.3d at 162.  Offenses encompass the same criminal conduct if they share the same criminal intent, occur at the same time and place, and share the same victim.  *Id*.

particular facts of this case, and the trial court appeared to make assumptions based on the general nature of the charges. We disagree.

In *Nelson* I, this court remanded to the trial court for the express purpose of determining whether to apply the antimerger statute. The trial court had discretion to apply the antimerger statute under RCW 9A.52.050, and at resentencing, after considering case law, the nature of the offenses, and the facts of this case, did so. At resentencing, the trial court provided grounds supporting its application of the burglary antimerger statute.

First, the trial court acknowledged that it had researched cases wherein the antimerger statute was applied, finding that those cases frequently included the other offenses of murder, kidnapping, or rape. For that reason, the trial court stated the burglary antimerger statute was "definitely applicable" to Nelson's case, which included convictions of both burglary and first degree attempted rape. RP at 8. Second, the trial court noted, "the seriousness of the offense here, and the—the facts . . . ." RP at 8. Even if more explanation might have been preferable, the trial court demonstrated adequate consideration of whether to apply the burglary antimerger statute.

The trial court also considered our holding that Nelson's convictions constituted the same criminal conduct. The trial court noted that in *Nelson* I, we had disagreed with it and held that the crimes had the same criminal intent and were the same criminal conduct. Thus, the trial court considered that Nelson's convictions for first degree burglary and first degree attempted rape stemmed from the same criminal conduct.

Furthermore, the trial court referenced "the facts," and had engaged with our opinion in *Nelson* I, which recited the facts of this case in detail. RP at 8. While it may be true that the trial court considered the general nature of the charges against Nelson, Nelson does not cite any

authority suggesting that it is improper to do so. *See DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none"). For these reasons, this argument fails.

Nelson also argues the trial court abused its discretion because in other cases where the antimerger statute was applied, the defendants "use[d] force to unlawfully enter [homes] with the intent to surprise a stranger and commit a crime." Br. of Appellant at 17. He relies on *State v. Lessley*[3] and *Westwood* for support. In *Lessley*, the defendant forced his way into the victims' home, kidnapping two of the residents at gunpoint. 118 Wn.2d at 775. In *Westwood*, the defendant broke into the victim's home and assaulted the victim at knifepoint. 2 Wn.3d at 159-60.

However, both of those cases are inapposite because in both, the trial court found that the crimes the defendants were convicted of did not constitute the same criminal conduct. *Lessley*, 118 Wn.2d at 776; *Westwood*, 2 Wn.3d at 160-61. And in both cases, our supreme court affirmed the trial court's finding. *Lessley*, 118 Wn.2d at 777; *Westwood*, 2 Wn.3d at 169; *compare Nelson* I at 16-17 (where we reversed the trial court's finding that the crimes did not constitute the same criminal conduct).

Thus, the trial court did not abuse its discretion by applying the burglary antimerger statute.

---

[3] 118 Wn.2d 773, 827 P.2d 996 (1992).

## II. JUDICIAL FACT-FINDING

Next, Nelson argues the trial court engaged in improper judicial fact-finding, first, by determining the offenses encompassed the same criminal conduct, and second, by deciding that the burglary antimerger statute applied. Essentially, Nelson contends the determination of same criminal conduct increases or decreases punishment, thus the inquiry should be made by a jury.

The State counters that this issue falls outside the scope of this appeal, both because the law of the case doctrine precludes the resentencing court and this court from questioning our earlier holding in *Nelson* I and also because Nelson fails to raise any argument under RAP 2.5(c)(2). We agree the law of the case doctrine precludes the resentencing court from reconsidering the same criminal conduct issue.

The law of the case doctrine states that "once there is an appellate court ruling, its holding must be followed in all of the subsequent stages of the same litigation." *State v. Schwab*, 163 Wn.2d 664, 672, 185 P.3d 1151 (2008). This court determined in *Nelson* I that Nelson's two convictions constituted the same criminal conduct, therefore that holding must be followed in all subsequent stages of the same litigation, including resentencing. Thus, the resentencing court did not conduct improper fact-finding when it stated Nelson's two convictions constituted the same criminal conduct.

Nelson relies on *Erlinger v. United States*, 602 U.S. 821, 144 S. Ct. 1840, 219 L. Ed. 2d 451 (2024), for the proposition that a jury should determine the same criminal conduct issue, but his reliance is misplaced. *Erlinger*'s holding is limited in application to the federal Armed

7

Career Criminal Act of 1984.[4]  *State v. Frieday*, 33 Wn. App. 2d 719, 747, 565 P.3d 139, *review denied*, 5 Wn.3d 1006 (2025), *cert. denied*, 146 S. Ct. 1609 (2026).

Even if *Erlinger* was not limited in such a way, our holding would remain unchanged because the inquiry made by the *Erlinger* trial court served only to increase the defendant's punishment.  *See Frieday*, 33 Wn. App. 2d at 745.  However, the same criminal conduct inquiry serves only to decrease a defendant's punishment.  "Any fact that, by law, *increases* the penalty for a crime" must be found beyond a reasonable doubt by a jury.  *Alleyne v. United States*, 570 U.S. 99, 103, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013) (emphasis added).  A trial court's "'same criminal conduct' finding is an exception to the default rule that all convictions must count separately.  Such a finding can operate *only* to decrease the otherwise applicable sentencing range."  *In re Pers. Restraint Pet. of Markel*, 154 Wn.2d 262, 274, 111 P.3d 249 (2005).  Thus, because such a finding cannot increase a defendant's punishment, it need not be made by a jury.

Nelson also contends the trial court engaged in improper judicial fact-finding by determining that the antimerger statute should be applied at resentencing "[b]ecause this fact is likely to increase or decrease his punishment."  Br. of Appellant at 20-21.  We disagree because application of the burglary antimerger statute is discretionary and does not rely upon judicial fact-finding.  It relies on facts already found at trial, i.e., whether the defendant has been found guilty of burglary and any other crime.  *See* RCW 9A.52.050.  It requires the judge, in calculating a defendant's offender score, to determine whether to apply a statutorily codified

---

[4] 18 U.S.C. § 924(e).

legal principal to facts already determined by the jury. Thus, application of the burglary antimerger statute does not involve judicial fact-finding, and this claim fails.[5]

### III. SAG

Finally, Nelson appears to raise 13 issues in a SAG. However, most of the issues raised fall outside the proper scope of this appeal because they relate only to Nelson's trial or pre-trial proceedings. These include: (1) that the State's charging documents were defective, (2) that the trial court erred in giving certain jury instructions, (3) that the jury was not a fair cross section of the community, (4) that Nelson's speedy trial right was violated, (5) that there was improper conduct during jury selection, (6) that the trial court violated Nelson's public trial right, (7) and that Nelson received ineffective assistance of counsel due to counsel depriving him of his right to an expert witness, (8) depriving him of the right to question the State's witness, (9) waiving his right to a CrR 3.5 hearing, and (10) failing to argue that the burglary conviction was invalid because Nelson was invited into EM's home by EM and EM allegedly committed a criminal act by providing Nelson with illegal drugs.

Because these 10 issues fall outside the proper scope of this appeal, and therefore require reference to evidence outside the record, they would be more appropriately considered in a personal restraint petition, and we decline to review them. *See State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008); RAP 10.10(c) ("Only documents that are contained in the record on review should be attached or referred to in" a SAG).

Nelson also appears to argue (1) that the burglary antimerger statute was inapplicable in his case because first degree attempted rape was an "element" of the first degree burglary

---

[5] Because we affirm, we do not reach the additional issue raised by Nelson concerning whether the case should be remanded to a different judge based on alleged failure to act impartially.

conviction, implicating "Double Jeopardy, ex post facto and bill of attainder prohibitions in the State and federal Constitutions," (2) that his punishment for both first degree attempted rape and first degree burglary violated double jeopardy, and (3) that he received ineffective assistance of counsel when neither appellate nor trial counsel raised these issues below or on appeal. (SAG at 2-3) (some capitalization omitted).  We address each of these in turn.

First, to the extent Nelson argues that application of the burglary antimerger statute implicated the ex post facto clause and bill of attainder, he provides no further argument. Therefore, those issues are too vague for us to address meaningfully, and we do not reach them. RAP 10.10(c) (we do not consider an issue raised in a defendant's SAG if it does not inform us of "the nature and occurrence of the alleged error[]").  Further, because these claims are too vague to address, we are unable to address Nelson's related claim of ineffective assistance of counsel based on a failure to raise these issues below or on appeal.

Second, Nelson argues that application of the burglary antimerger statute violated double jeopardy.  We disagree.  In a double jeopardy analysis, the first step requires us to consider any express or implicit legislative intent, starting with the language in the statutes. *State v. Ray*, 5 Wn.3d 350, 365, 575 P.3d 321 (2025).  We start with this step because where the legislature clearly intended to impose more than one punishment for the same act, we need not continue with further double jeopardy analysis. *Id*.  "[T]he burglary antimerger statute 'expressly authorizes cumulative punishment' for crimes committed during a burglary." *Id.* (quoting *State v. Calle*, 125 Wn.2d 769, 776, 888 P.2d 155 (1995)).  Thus, the trial court's application of the burglary antimerger statute to Nelson's convictions did not violate double jeopardy, and this claim fails.

10

No. 59499-4-II

Accordingly, Nelson's claims of ineffective assistance of both trial and appellate counsel, regarding failure to raise the double jeopardy issue below and on appeal, also fail because he cannot show deficient performance or prejudice. *See State v. Bertrand*, 3 Wn.3d 116, 128, 546 P.3d 1020 (2024) (to prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice).

CONCLUSION

We hold the trial court did not abuse its discretion by applying the burglary antimerger statute and did not engage in improper judicial fact-finding. We also hold Nelson's SAG claims fail.

Accordingly, we affirm.

A majority of the panel, having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Veljacic C.J.

Price, J.

11